UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UDR INC., d/b/a The Canopy Apartment Villas,**

        Plaintiff,

v.                                                            Case No:  6:13-cv-1942-Orl-28GJK

**ELLEN FUENTES, VANESSA RIVERA**

        Defendant.

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)** |
| **FILED:** | December 19, 2013 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **REMANDED**. | |

**I.  BACKGROUND.**

On or about November 7, 2013, Plaintiff UDR Inc. d/b/a/ The Canopy Apartment Villas, filed a complaint (the "Complaint") for tenant eviction against Ellen Fuentes and Vanessa Rivera (collectively, the "Defendants") in the County Court, in and for Orange County, Florida.  Doc. No. 2.  The Complaint alleges that Plaintiff leased an apartment to Defendants, they failed to pay the full rent when it became due, and $2,386.48 in rent remains due and owing from Defendants.  Doc. No. 2 at ¶¶ 1-6.  Plaintiff alleges that it complied with all conditions precedent and requests that

the county court enter an order of eviction, a judgment for possession of the premises, costs and attorneys' fees.  Doc. No. 2 at ¶ 7-12.

On December 19, 2013, Defendant Ellen Fuentes filed a notice of removal pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  Doc. No. 1 at 1-3.  Essentially, the notice of removal states that the Complaint is actually arises under federal law because "Plaintiff's right to relief necessarily depends on a substantial question of federal law."  Doc. No. 1 at 2.  Ms. Fuentes alleges that "Plaintiff rents property a different prices depending on the time of the week you move in as well as other discriminatory issues along with habitability violations."  Doc. No. 1 at 2.  Ms. Fuentes contends that Plaintiff's rental practices and, presumably, Plaintiff's eviction process violates the Civil Rights Act of 1968.  Doc. No. 1 at 2-3.

On December 19, 2013, Ms. Fuentes file a motion to proceed in forma pauperis (the "Motion") as the removing Defendant.   Doc. No. 3.[1]   The Motion has been referred to the undersigned for a report and recommendation

## II.    APPLICABLE LAW.

### A.  The Statute and Local Rules

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious or fails to state a claim upon which relief can be granted.[2]   This statutory

---

[1] Vanessa Rivera is Ms. Fuentes's daughter.  Doc. No. 3 at 2.  Ms. Rivera did not sign the notice of removal or the motion to proceed in forma pauperis, and it is unclear whether she is a minor or if she consents to the removal.  Doc. Nos. 1, 3.  Nevertheless, for purposes of determining the motion to proceed in forma pauperis, it is unnecessary to resolve those questions because, as set forth below, the Complaint fails to allege a federal question and the case must be remanded.

[2]  28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

language is mandatory and applies to all proceedings *in forma pauperis*. *See Boyington v. Geo Group, Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).[3]

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court. *Id.* The district court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**B. Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] The pauper's affidavit should not be a broad

---

        (A) the allegation of poverty is untrue; or
        (B) the action or appeal --
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief
                may be granted; or
            (iii) seeks monetary relief against a
                defendant who is immune from
                such relief.

*Id*.

[3] Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).
[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district

highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i)

A lawsuit is frivolous if plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The district court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id*. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle,* 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

### D. Federal Question Jurisdiction.

28 U.S.C. § 1331 provide that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. Federal question jurisdiction is undoubtedly a proper basis for a defendant to remove a civil action to federal court. *See* 28 U.S.C. § 1441(a). The presence or absence of a federal question is governed under the "well-pleaded complaint" rule, which provides that federal question jurisdiction exists only where a federal question is presented on the face of the state court plaintiff's complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936).

---

court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

**III.   ANALYSIS.**

In this case, although Ms. Fuentes states that the Complaint presents a substantial question of federal law (*see* Doc. No. 1 at 2), a review of the Complaint reveals no such federal question. *See* Doc. No. 2.  The Complaint is a straightforward dispossessory action to evict Defendant for the failure to pay rent, which arises under Sections 51.011 and 83.59, Florida Statutes.  Doc. No. 2.  The eviction process for failure to pay rent is governed by the law of the state of Florida.  *See* § 83.59, Fla. Stat. (2013).  Federal question jurisdiction "exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action." *Savannah Midtown LLC v. McDonald*, 2013 WL 6196559 at *1 (N.D. Ga. Nov. 27, 2013) (citing authority).  Thus, even though Ms. Fuentes pled a violation of the Civil Rights Act of 1968 as a defense to the eviction action, these allegations do not provide a proper basis for removal.  *Id*. at *3 (remanding where pro se defendant removed state eviction action on the basis of federal question at in forma pauperis stage).  On the face of the Complaint, no federal question exists, and therefore the Court lacks jurisdiction and the case must be remanded.  *Id*. at *1-3.

Based on the forgoing, it is **RECOMMENDED** that Court:

1. **DENY** the Motion (Doc. No. 3);

2. **DENY** all pending motions as moot;

3. **REMAND** the case; and

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on January 16, 2014.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy